# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

|  |  |
|---|---|
| **HAROLD BROWN, JR., individually on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>**v.**<br><br>**FEDERAL EXPRESS CORPORATION,**<br><br>Defendant. | **Case No. _____**<br><br><br>**Jury Demand** |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Harold Brown, individually and on behalf of himself and those similarly situated ("Plaintiff"), by his attorneys, Morgan and Morgan, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA.

2.      As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay its non-exempt hourly couriers who are similarly paid and perform similar duties (hereinafter referred

together as "Non-exempt Hourly Couriers"), including Plaintiff and all other similarly situated employees, for all of their overtime hours worked based upon its unlawful policies and practices.

3.      While Defendant required Non-exempt Hourly Couriers to work overtime hours, it did not pay them for all hours worked.  Defendant had a pattern and practice at the Ocala terminal of deducting thirty (30) minutes per day from Plaintiff and others pay, thus failing to pay them for all hour worked.

4.      Accordingly, Defendant has failed to compensation Plaintiff and all other Non-exempt Hourly Couriers for all of their hours worked in violation of the FLSA.

## **THE PARTIES**

5.      Plaintiff Harold Brown, Jr. is a citizen and resident of Inverness, Florida.

6.      Plaintiff has worked for Defendant as a non-exempt, hourly-paid courier since February 2022 at the Ocala, Florida terminal.

7.       At all times relevant, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8.      Plaintiff's written consent to join form is being filed contemporaneously with this Complaint.

- 2 -

9.      Federal Express Corporation ("Defendant" or "FedEx") is a Delaware corporation and operates terminals throughout the State of Florida, including in Ocala, Florida.

10.     At all times relevant, FedEx was and still is a covered "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     FedEx employed Plaintiff and similarly situated Non-exempt Hourly Couriers within the meaning of the FLSA.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 201, *et. seq.*

13.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

14.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because FedEx operates a terminal in Ocala, Florida, Plaintiff worked for FedEx in Ocala, Florida and a substantial portion of the acts/omissions giving rise to this case occurred within this District.

15.     At all times material to this Complaint, FedEx was an enterprise engaged in interstate commerce or in  the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and  203(s).

16.    At all times material to this Complaint, FedEx simultaneously operated in multiple states.

17.    FedEx's annual gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

## FACTS COMMON TO ALL CLAIMS

### The FLSA Collective

18.    The proposed FLSA Collective is defined as follows:

> All hourly-paid Couriers (i.e., Non-exempt Hourly Couriers), who worked over 40 hours in any workweek, and work or worked in FedEx's Ocala, Florida terminal on or after February 7, 2022 to the date of judgment of this action.

19.    Throughout their employment, Non-exempt Hourly Couriers who are members of the proposed FLSA Collective were not paid for all hours recorded and worked by FedEx.

20.    Supervisors and/or other employees of FedEx would alter and lower Plaintiff and other Non-exempt Hourly Couriers' recorded time resulting in less overtime compensation being paid to Plaintiff and other Non-Exempt Hourly Couriers.

21.    After Plaintiff would clock out for the day which showed his accurate time worked, FedEx would lower Plaintiff's time worked to reflect working fewer hours than he actually worked.

22.     Attached as Exhibit A are two pictures of the same workweek when Plaintiff worked overtime hours.  In the first picture, taken after Plaintiff completed his shift, it shows on Friday of that week that Plaintiff worked 9.75 hours.  However, when Plaintiff returned the following workday and checked his time entries, his Friday time inexplicably reflected 8.83 hours.

23.     This example is not an outlier, as FedEx would lower Plaintiff's worked time in most days that he worked.  Attached as Exhibit B is a second example where on Wednesday of that week the timeclock originally reflected the 11.12 hours Plaintiff actually worked, which was then subsequently changed to 10.62 hours.

24.     This pattern and practice is not limited to Plaintiff.   Plaintiff has knowledge of other Non-exempt Hourly Couriers who similarly believe their time was reduced by FedEx, resulting in incomplete overtime compensation being paid.

25.     Upon information and belief, FedEx routinely reduced the hours worked for Plaintiff and similarly situated employees who are members of the FLSA Collective, resulting in unpaid overtime compensation to the FLSA Collective.

26.     FedEx knows or should have known that Plaintiff and the FLSA Collective have not and are not being paid for all hours worked because Defendant's managers and agents are changing the time records to reflect fewer

hours worked than the hours actually worked by Plaintiff and the FLSA Collective.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the FLSA Collective.

28.     As explained above, at its Ocala, Florida terminal, FedEx has a pattern and practice of changing its Non-exempt Hourly Couriers' time records to show less time worked (and paid) than the working time actually worked by its Non-exempt Hourly Couriers.

29.     FedEx is aware or should have been aware that federal law requires it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

30.     Plaintiff and the FLSA Collective all perform or performed the similar duties of couriers for FedEx out of their Ocala, Florida terminal.

31.     Plaintiff and the FLSA Collective all were compensated on an hourly basis.

32.     Plaintiff and the FLSA Collective all were subject to the same pattern and practice described above, resulting in unpaid overtime compensation.

**FIRST CAUSE OF ACTION**
**FLSA– Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

- 6 -

33.    Plaintiff incorporates by reference all preceding allegations.

34.    FedEx has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint. *See supra.*

35.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

36.    At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to FedEx.

38.    FedEx is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39.    At all times relevant, Plaintiff and the Non-exempt Hourly Couriers were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

40.    At all times relevant, Plaintiff and the Non-exempt Hourly Couriers were classified as non-exempt under the FLSA, and paid time and one-half of their hourly rate for overtime calculation purposes.

41.     As explained above, FedEx has failed to pay Plaintiff and other Non-exempt Hourly Couriers overtime compensation for all hours worked by them in violation of the FLSA.

42.     FedEx's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

43.     Because FedEx's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44.     As a result of FedEx's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

45.     As a result of the unlawful acts of FedEx, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice

- 8 -

of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.    Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Pre-judgment interest and post-judgment interest as provided by law;

D.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining FedEx from continuing its unlawful practices;

E.    Attorneys' fees and costs of the action; and

F.    Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: February 7, 2025

*/s/* C. Ryan Morgan
C. Ryan Morgan, Esquire
Florida Bar No. 0015527
*LEAD COUNSEL FOR PLAINTIFF*
**MORGAN AND MORGAN, P.A.**
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone:  (407) 418-2069

rmorgan@forthepeople.com

***Attorneys for Plaintiff and the proposed FLSA Collective***