UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HAROLD BROWN, JR.,                    CASE NO. 5:25-cv-00076-JSS-PRL

    Plaintiff,

vs.

FEDERAL EXPRESS CORPORATION,

    Defendant.

_____/

## <u>DEFENDANT'S ANSWER TO COMPLAINT</u>

Defendant, Federal Express Corporation (hereinafter, "FedEx" or "Defendant") hereby submits its answer and defenses to Plaintiff Harold Brown, Jr.'s (hereinafter, "Plaintiff") "Collective Action Complaint and Demand for Jury Trial" filed in the above-captioned action on February 7, 2025 (ECF 001) (hereinafter, the "Complaint").

## <u>ANSWER</u>

Defendant's responses below are numbered to correspond to the numbered paragraphs in the Complaint. Defendant denies all allegations in the Complaint except as expressly admitted herein.

1.    Defendant admits that Plaintiff seeks to bring the lawsuit described in paragraph 1, but Defendant denies that it has merit.

2.    Defendant denies the allegations in paragraph 2.

3.    Defendant denies the allegations in paragraph 3.

4.    Defendant denies the allegations in paragraph 4.

5.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and, on such basis, Defendant denies them.

6.    Defendant admits the allegations in paragraph 6, except it denies that the facility where Plaintiff has worked from is referred to as a "terminal."

7.    Defendant admits that Plaintiff is its employee. The remaining allegations in paragraph 7 are legal argument, to which no response is required. To the extent paragraph 7 contains any additional factual allegations, Defendant denies them.

8.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and, on such basis, Defendant denies them.

9.    FedEx admits the allegations in paragraph 9, except it denies that its facilities such as the one where Plaintiff works, are referred to as "terminals."

10.    Defendant admits it is Plaintiff's employer. The remaining allegations in paragraph 10 are legal argument, to which no response is required. To the extent paragraph 10 contains any additional factual allegations, Defendant denies them.

2

11.     Defendant admits that it has employed Plaintiff and other non-exempt, hourly-paid couriers. Denies the remaining allegations in paragraph 11.

12.     Defendant admits that this Court has jurisdiction.

13.     Defendant admits that this Court could issue declaratory judgments.

14.     Defendant admits that venue is proper in this District Court. FedEx admits that it operates a facility in Ocala, Florida, and that Plaintiff works there. FedEx denies the remaining allegations in paragraph 14.

15.     Defendant admits that it is engaged in interstate commerce and has been during the relevant period. The remainder of paragraph 15 is legal argument, to which no response is required. To the extent paragraph 15 contains any remaining allegations of fact, Defendant denies them.

16.     Defendant admits the allegations in paragraph 16.

17.     Defendant admits the allegations in paragraph 17.

18.     Defendant admits that Plaintiff seeks to certify the referenced collective, but Defendant denies that he should be permitted to do so.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22. FedEx also notes that Exhibit A is not attached to the copy of the Complaint that Defendant received.

23.     Defendant denies the allegations in paragraph 23. FedEx also notes that Exhibit B is not attached to the copy of the Complaint that Defendant received.

24.     With respect to what Plaintiff alleges he has knowledge of, FedEx lacks knowledge or information sufficient to form a belief about the truth of such allegations, and, on such basis, FedEx denies them. FedEx denies the remaining allegations in paragraph 24.

25.     FedEx denies the allegations in paragraph 25.

26.     FedEx denies the allegations in paragraph 26.

27.     FedEx admits that Plaintiff seeks to bring the referenced claim, but FedEx denies that it has merit.

28.     FedEx denies the allegations in paragraph 28.

29.     FedEx admits that it is aware of the FLSA, which speaks for itself. FedEx denies the remaining allegations in paragraph 29.

30.     FedEx admits that its couriers perform some similar duties. FedEx denies the remaining allegations in paragraph 30.

31.     FedEx admits that its couriers are, and during the relevant period, have been, paid on an hourly basis. FedEx denies the remaining allegations in paragraph 31.

32.     FedEx denies the allegations in paragraph 32.

33.     FedEx incorporates by reference all preceding paragraphs.

34.   FedEx denies the allegations in paragraph 34.

35.   FedEx denies the allegations in paragraph 35.

36.   FedEx admits that its couriers are engaged in interstate commerce. The remainder of paragraph 36 is legal argument, to which no response is required. To the extent paragraph 36 contains any remaining allegations of fact, Defendant denies them.

37.   FedEx denies the allegations in paragraph 37.

38.   Defendant admits that it is engaged in interstate commerce. The remainder of paragraph 38 is legal argument, to which no response is required. To the extent paragraph 38 contains any remaining allegations of fact, Defendant denies them.

39.   Defendant admits Plaintiff is its employee and that it has employed other couriers. The remainder of paragraph 39 is legal argument, to which no response is required. To the extent paragraph 39 contains any remaining allegations of fact, Defendant denies them.

40.   FedEx admits that it has paid overtime to Plaintiff and other couriers at the Ocala, FL station, at the rate of time and one-half. FedEx denies the remaining allegations in paragraph 40.

41.   FedEx denies the allegations in paragraph 41.

42.   FedEx denies the allegations in paragraph 42.

43.    FedEx denies the allegations in paragraph 43.

44.    FedEx denies the allegations in paragraph 44.

45.    FedEx denies the allegations in paragraph 45.

In response to Plaintiff's "prayer for relief" (Complaint at pp 8-9), FedEx admits that Plaintiff seeks the referenced relief, but denies that Plaintiff is entitled to any such relief.

## AFFIRMATIVE AND OTHER DEFENSES

1.    FedEx is exempt from the overtime provisions of the FLSA due to its status as a carrier by air as set forth in Section 13(b)(3) of the FLSA, 29 U.S.C. § 213(b)(3), and in the Railway Labor Act.

2.    The Complaint, and each claim set forth therein, is barred, in whole or in part, by the applicable statutes of limitations.

3.    The Complaint, and each claim set forth therein, is barred, in whole or in part, by contractual limitation periods set forth in employment agreements between FedEx, on the one hand, and Plaintiff and all putative collective members, on the other.

4.    FedEx's acts and omissions regarding the matters set forth in the Complaint were not willful, knowing, or intentional violations of any applicable law.

5.    Plaintiff, and members of the putative collective, are not entitled to recover any liquidated damages because: (1) Plaintiff failed to plead facts sufficient

6

to support the recovery of liquidated damages; and (2) FedEx committed no act justifying an award of liquidated damages.

6.      Without admitting any of the allegations contained in the Complaint, FedEx avers that to the extent the Complaint seeks penalties, or punitive or liquidated damages, imposition of such penalties or damages would violates FedEx's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitutions of the States of Tennessee, California and New York (and other state constitutions as applicable). Such imposition would also violate FedEx's right to protection from "excessive fines" under the United States Constitution and such state constitutions. Such imposition would also violate FedEx's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and such state constitutions.

7.      The claims set forth in the Complaint are barred in whole or in part by the doctrines of accord and satisfaction, and compromise and release.

8.      The claims set forth in the Complaint are barred to the extent Plaintiff and/or any members of the putative collective have released or waived such claims, for example by way of a written release agreement.

9.      The Complaint is barred in whole or in part by federal law and the federal regulation of interstate commerce in general and the transportation industry in particular, including, without limitation, the Airline Deregulation Act, 49 U.S.C.

7

section 41713(b)(1), *et seq.*, the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c), and 49 U.S.C. § 31141.

10.    The Complaint is barred in whole or in part because Defendant acted reasonably, in good faith, and without malice based upon the facts and circumstances known by Defendant.

11.    FedEx made complete and timely payment of all wages due to Plaintiff and all members of the putative collective.

12.    FedEx provided Plaintiff, and each member of the putative collective, with timely, accurate wage statements setting forth the amount of wages being paid and all other required categories of information.

13.    The Complaint is barred in whole or in part as to each Plaintiff and putative collective member whose hours of service are subject to regulation by the U.S. Department of Transportation ("DOT") and Federal Aviation Administration ("FAA") and exempted from state wage and hour laws and regulations, because such laws are preempted by the United States DOT/FAA regulations and other DOT/FAA-related provisions.

14.    Plaintiff and the putative collective members have failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

15.    Plaintiff' proposed FLSA collective fails because Plaintiff, and members of the proposed FLSA collective, are not similarly situated, the requirements for Plaintiff' FLSA claims to proceed as a collective are not met, and the FLSA claims of Plaintiff and members of the proposed collective (including any opt-ins) should be severed and adjudicated on an individual basis.

16.    The Complaint fails to properly state a claim for injunctive or declaratory relief.

17.    Plaintiff and the putative collective members are not entitled to equitable relief insofar as they have adequate remedies at law.

18.    At all relevant times, FedEx calculated and paid wages to Plaintiff and members of the putative collectives based on a good faith belief and understanding that all of their time entries recorded in its time records were true and correct.

19.    The Complaint and all claims set forth therein are barred by doctrines of equity, including laches, unclean hands, estoppel, unjust enrichment, and waiver.

20.    The claims of Plaintiff and members of the putative classes and collectives are barred due to their failure to exhaust administrative remedies, and internal/external grievance procedures.

21.    FedEx's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff or anyone else, and constitute lawful, proper

and justified means to further the sole purpose of FedEx to engage in and continue its business activities. By reason thereof, recovery on any of the alleged causes of action is barred, in whole or in part.

22.     FedEx's conduct toward Plaintiff, and members of the putative collective was at all times privileged, justified and undertaken in a good faith belief that FedEx was in full compliance with the law.

23.     The Complaint and all causes of action therein are barred, in whole or in part, because FedEx exercised reasonable care to promptly prevent and correct any alleged unlawful, discriminating, harassing, retaliatory, or otherwise wrongful or unlawful behavior.

24.     The Complaint and all causes of action therein are barred because Plaintiff, and members of the putative collective, unreasonably failed to take advantage of any preventative or corrective opportunities provided by FedEx or to avoid harm otherwise. At all relevant times, FedEx followed and enforced its lawful policies and procedures.

25.     The Complaint, and each purported cause of action contained therein, is barred against FedEx because any unlawful or other wrongful acts or omissions of any person(s) employed by FedEx, if any, were outside the scope of such persons' authority and such acts, if any, were not authorized, ratified, or condoned by FedEx and nor did FedEx know or have reason to be aware of such acts or omissions.

26. The Complaint is barred by the fact that any acts or omissions by FedEx were based on the facts as FedEx reasonably understood them at the time.

27. The damages and losses claimed by Plaintiff, including on behalf of the alleged classes and collectives, if any, and including the amounts of any alleged unpaid overtime worked, are speculative, uncertain, and unduly burdensome and difficult to record and quantify (both at the time such overtime was worked and at present), and therefore, such damages and losses are not actionable or compensable.

28. The damages and losses claimed by Plaintiff, including on behalf of the alleged classes and collectives, if any, are *de minimis*, and therefore not recoverable or actionable.

29. The claims of Plaintiff and members of the putative classes and collectives are barred because such persons failed to comply with FedEx's directions and instructions concerning recording time for purposes of payment of wages.

30. The claims of Plaintiff and members of the putative collective are barred by their own failure(s) to exercise reasonable care, and/or by their own carelessness, recklessness, consent, comparative negligence, and/or failure to abide by covenants and conditions on their part to be performed, thereby reducing or barring their claims against FedEx.

11

31.   Plaintiff' causes of action are barred, in whole or in part, because Plaintiff and members of the putative collective knowingly submitted to, consented to, and acquiesced in the acts and omissions alleged in the Complaint.

32.   The claims of Plaintiff and of the putative collective are barred on the ground that FedEx never had actual or constructive notice of any of the alleged unpaid overtime hours that were worked.

Defendant reserves the right to assert further affirmative defenses as they become apparent through investigation and discovery.

**WHEREFORE**, having fully answered, Defendant prays that this Court enter judgment in its favor, and award its costs, including reasonable attorney fees, and other relief as may be just and proper.

DATED: March 4, 2025.

Respectfully submitted,

_/s/ Krista Cammack_
Krista N. Cammack
Florida Bar No. 104718
WICKER SMITH O'HARA McCOY &
FORD, P.A.
390 North Orange Avenue, Suite 1000
Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118
Email: kcammack@wickersmith.com

_Counsel for Defendant_

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2025, a copy of the foregoing was served on

the parties listed below via the Court's CM/ECF system:

C. Ryan Morgan, Esquire
Florida Bar No. 0015527
LEAD COUNSEL FOR PLAINTIFF
MORGAN AND MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Telephone: (407) 418-2069
rmorgan@forthepeople.com
*Counsel for Plaintiff*

<u>/s/ *Krista Cammack*</u>
Krista Cammack